UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MDL No. 18-2832
CASE NO. 18-md-2832 KMM
S.D. Florida Case No. 18-cv-22799-KMM

**IN RE:**

**Liquid Toppings Dispensing System ('447) Patent Litigation**

| | |
|---|---|
| Kona Ice, Inc. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Howard Hale & Fun Time Foods, LLC | ) |
| | ) |
| Defendants. | |

## ANSWER AND AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL

Defendants, Howard Hale and Fun Time Foods, LLC (collectively "Defendants") answer the Complaint of Kona Ice, Inc. (hereafter "Plaintiff" or "Kona Ice") as follows:

### NATURE OF ACTION

1. Denied, except that Plaintiff has alleged that the action arises under certain provisions of Title 35 of the United States Code.

### THE PARTIES

2. Denied, because Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

3. Admitted as to the judicial district of Tennessee.

1

## JURISDICTION AND VENUE

4. No response is required as this calls for a legal conclusion. To the extent a response is required, then denied.

5. Denied as to the first sentence, except that venue in a patent infringement action is governed by 28 U.S.C. §1400(b). Admitted as to the second sentence with respect to Tennessee and that judicial district.

## BACKGROUND FACTS

6. Denied, because Defendants are without knowledge of information sufficient to form a belief as to the truth of the allegations.

7. Denied, because Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. Further to the extent that Plaintiff's attached Exhibit 1 contradicts or does not support the allegations herein, then the allegations are denied as the Exhibit speaks for itself. Admit only that a document has been attached to Plaintiff's Complaint as Exhibit 1.

8. Denied, because Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

9. Admitted as to first sentence. As to the second sentence, denied that images of Defendants' Service Vehicle as shown in Exhibit 2 have any relevance to this action. More particularly, the images in Exhibit 2 show Defendants' Service Vehicle as it existed in 2015 or earlier; however, Defendants' Service Vehicle has been re-designed twice since then and thus the images in Exhibit 2 do not depict a current version of Defendants' Service Vehicle. Admit only that a document is attached to the Complaint as Exhibit 2.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 9,751,447

10. Defendants reaver and incorporate by reference ¶¶ 1-9.

11. Denied.

12. Denied. The attachments speak for themselves. Further, to the extent that the exhibits attached to the Complaint contradict or do not support the allegations herein, then the allegations are denied.

13. Denied.

14. Denied. The attachments speak for themselves. Further, to the extent that the exhibits attached to the Complaint contradict or do not support the allegations herein, then the allegations are denied. Admit only that a document is attached to the Complaint as Exhibit 2.

15. Denied. The attachments speak for themselves. Further, to the extent that the exhibits attached to the Complaint contradict or do not support the allegations herein, then the allegations are denied. Admit only that a document is attached to the Complaint as Exhibit 2.

16. Denied. The attachments speak for themselves. Further, to the extent that the exhibits attached to the Complaint contradict or do not support the allegations herein, then the allegations are denied. Admit only that a document is attached to the Complaint as Exhibit 2.

17. Denied. The attachments speak for themselves. Further, to the extent that the exhibits attached to the Complaint contradict or do not support the allegations herein, then the allegations are denied. Admit only that a document is attached to the Complaint as Exhibit 2.

18. Denied. The attachments speak for themselves. Further, to the extent that the exhibits attached to the Complaint contradict or do not support the allegations herein, then the allegations are denied. More particularly, the images in Exhibit 2 clearly contradict that the

liquid toppings dispensing system shown therein has any relationship to the side wall as averred. Admit only that a document is attached to the Complaint as Exhibit 2.

19. Denied. The attachments speak for themselves. Further, to the extent that the exhibits attached to the Complaint contradict or do not support the allegations herein, then the allegations are denied. More particularly, the images in Exhibit 2 clearly contradict that the liquid toppings dispensing system shown therein has any relationship to the side wall as averred. Admit only that a document is attached to the Complaint as Exhibit 2.

20. Denied.

21. Denied.

## RESPONSE TO PRAYER FOR RELIEF

To the extent any response is required to any paragraph of Plaintiff's prayer for relief, including without limitation its unnumbered paragraph and the paragraphs it has labeled A-F: Denied.

## RESPONSE TO JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

To the extent Defendants have not already addressed elsewhere, any allegations of Plaintiff's Complaint are denied and Defendants assert the following Affirmative Defenses.

### First Defense

Each of the claims of the patents-in-suit is invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, including without limitation, for example, Sections 101, 102, 103, 112, and 132.

### Second Defense

Plaintiff is barred in whole or in part under principles of equity, including without limitation, laches, or waiver, acquiescence, or consent.

### Third Defense

Any claims of Plaintiff under the '447 patent are unenforceable due to inequitable conduct (the particulars of which are set forth in Complaint for Declaratory Judgment and Other Relief by Tikiz Franchising LLC).

### Fourth Defense

Any claims of Plaintiff under the '447 patent are barred in whole or in part by the doctrines of equitable estoppel and/or prosecution history estoppel or any other similar doctrines of estoppel.

### Fifth Defense

Plaintiff is not entitled to injunctive relief under any theory, at least because: (1) Plaintiff has not suffered nor will it suffer irreparable harm because of Defendants' conduct; (2) any harm to Plaintiff would be outweighed by the harm to Defendants if an injunction were entered; (3) Plaintiff has an adequate remedy at law even if it were to prevail in this action; and (4) the public interest would not be served by an injunction in favor of Plaintiff.

### Sixth Defense

Plaintiff has failed to state a claim upon which relief can be granted.

### Seventh Defense

The alleged injuries to Plaintiff were not caused by any act or omission on the part of Defendants nor were they caused by anything for which Defendants are responsible. In the alternative, Defendants aver that Plaintiff's injuries were caused solely by, or in the alternative,

proximately by acts, wrongs, omissions, and/or negligence of other parties, their agents, servants or employees, none of whom were related to or controlled by Defendant and for whose acts or omissions Defendants are not liable or responsible.

### Eighth Defense

Plaintiff lacks standing to assert infringement of the '447 patent because it did not have sufficient rights in the '447 patent at the time the suit was filed.

### Ninth Defense

Plaintiff has failed to name or join an indispensable party or parties to the present action, including but not limited to certain persons or entities who may have an ownership interest in the `447 patent.

### RESERVATIONS

Defendants reserve any and all rights to assert any additional Affirmative Defenses as further discovery in this matter may warrant and require during the course of this litigation, and further to amend this pleading as may be warranted and/or required as a result thereof.

WHEREFORE, Defendants request a dismissal of all of Plaintiffs claim and an award to Defendants of all costs and attorney's fees incurred herein.

Dated: July 20th , 2018                                Respectfully submitted,

By: /s/ Mark C. Perry
Mark C. Perry, Esq.
Fla. Bar No.: 251941

Law Offices of Mark C. Perry, P.A.
2400 East Commercial Boulevard
Suite 511
Ft. Lauderdale, FL 33308

Office: (954) 351-2601
Fax: (954) 351-2605
Email: mark@markperrylaw.com

Of Counsel:

Michael Culver
Millen, White, Zelano & Branigan, P.C.
2200 Clarendon Blvd., Suite 1400
Arlington, VA 22201
Tel: 703-243-6333
Fax: 703-243-6410
Email: culver@mwzb.com


Attorneys for Defendants

## CERTIFICATE OF ELECTRONIC SERVICE

I HEREBY CERTIFY that on this 20th day of July 2018, I electronically filed the foregoing document to the Clerk of the Court, using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the attached Service List in the manner specified, either by transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are authorized to receive electronically Notices of Electronic Filing.

        Law Offices of Mark C. Perry, P.A.
        Attorney for Defendants
        2400 East Commercial Boulevard, Suite 511
        Ft. Lauderdale, FL 33308
        Office: (954) 351-2601
        Fax:    (954) 351-2605
        Email: mark@markperrylaw.com

By: */s/ Mark C. Perry*
     Mark C. Perry
     Fla. Bar No.: 251941

## SERVICE LIST

Benjamin P. Bean
Barry P. Gruher
Genovese Joblove & Battista, P.A.
200 East Broward Blvd., Suite 1110
Ft. Lauderdale, FL 33301
Tel 954-453-8000
bbean@gjb-law.com
bgruher@gjb-law.com
*Local Counsel to Kona Ice, Inc.*

Brett A. Schatz, Esq.
Wood, Herron & Evans, L.L.P.
441 Vine Street, 2700 Carew Tower
Cincinnati, Ohio 45202
Tel. (513) 241-2324
Fax (513) 241-6234
bschatz@whe-law.com
*Lead Counsel Kona Ice, Inc.*